**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAVELL REDMOND, an individual; | ) |
| | ) |
| Plaintiffs, | ) Case No.: |
| v. | ) |
| TIFFANY HENYARD, individually and in her official | ) Judge: |
| capacity as Thornton Township Supervisor; KAMAL | ) |
| WOODS, individually and in his official capacity as | ) |
| Thornton Township employee; DEMARCUS | ) |
| CRIGGLEY, and in his official capacity as Village of | ) |
| Dolton employee; SOUTH HOLLAND POLICE | ) |
| DEPARTMENT, a governmental entity; and | ) |
| THORNTON TOWNSHIP, a governmental entity; | ) |
| ALLPOINTS SECURITY AND DETECTIVE, INC., an | ) |
| Illinois corporation; WILLIAM MOORE, , individually | ) |
| and in his official capacity as Thornton Township | ) |
| employee, | ) |
| | ) **Jury Trial Demanded** |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, LAVELL REDMOND, by and through his attorneys, CUSTARDO

LAW LLC, file this Complaint against the Defendants, TIFFANY HENYARD, individually and in her

official capacity as Thornton Township Supervisor; KAMAL WOODS, individually and in his

official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his

official capacity as Village of Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, a

governmental entity; THORNTON TOWNSHIP, a governmental entity; ALLPOINTS SECURITY AND

DETECTIVE, INC., an Illinois corporation; WILLIAM MOORE, individually and in his official

capacity as Thornton Township employee, and states as follows:

**NATURE OF THE ACTION**

1.      This is a civil rights action brought under 42 U.S.C. § 1983 for violations of the

First and Fourteenth Amendments to the United States Constitution, along with Illinois common

law claims for assault and battery. Plaintiff was violently attacked in retaliation for exercising his constitutional rights to free speech, expression, and association.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as Plaintiff's claims arise under the Constitution and laws of the United States.

3.      The Court has supplemental jurisdiction over Plaintiff's state–law claims pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy.

4.      Venue is proper under 28 U.S.C. § 1391(b), as a substantial portion of the events giving rise to this action occurred within this District.

## PARTIES

5.      Plaintiff LAVELL REDMOND resides in Cook County, Illinois.

6.      Defendant TIFFANY HENYARD is the Supervisor of Thornton Township and resides in Cook County, Illinois.

7.      Defendant KAMAL WOODS is an employee of Thornton Township and a close associate of Defendant Henyard, and resides in Cook County, Illinois.

8.      Defendant DEMARCUS CRIGGLEY is an employee of the Village of DOLTON, and a known associate of Defendants WOODS and HENYARD, and resides in Cook County, Illinois.

9.      Defendant SOUTH HOLLAND POLICE DEPARTMENT is a governmental entity responsible for law enforcement and public safety within its jurisdiction, the Village of South Holland, located in Cook County, Illinois.

10.     Defendant THORNTON TOWNSHIP is a governmental entity responsible for the governance of Thornton Township in Cook County, Illinois, including security measures at its public meetings.

11.     Defendant ALLPOINTS SECURITY AND DETECTIVE, INC. ("ALLPOINTS"), an Illinois corporation, is a private security company that was upon information and belief acting under

the authority of either HENYARD or THORNTON TOWNSHIP to provide security at Thornton Township regular meetings since at least 2024.

12.     Defendant WILLIAM MOORE is an employee of Thornton Township and a close associate of Defendant Henyard, and resides in Cook County, Illinois.

## FACTUAL ALLEGATIONS

13.     On January 28, 2025, a regularly scheduled Thornton Township meeting took place where public comments were allowed.

14.     Jedidiah Brown ("BROWN"), a well-known critic of Defendant TIFFANY HENYARD, participated in the public comment portion of the meeting and made remarks directed at Defendant HENYARD.

15.     As BROWN was concluding his comments, Defendant KAMAL WOODS approached him from behind in a menacing manner and called BROWN a "bitch," and threatened to hurt him.  Defendant DEMARCUS CRIGGLEY also called Plaintiff a "bitch" and that he threatened to hurt him, as well.  WOODS and CRIGGLEY also stated that there was a "green light" on either one or both of Plaintiff and BROWN to physically harm them[1].

16.     Plaintiff intervened in an attempt to mediate and prevent any physical altercation between all the parties.

17.     Defendant WOODS then physically pushed Plaintiff and swung at Plaintiff, prompting Plaintiff to defend himself and BROWN by punching WOODS.

18.     WOODS then dragged BROWN to the ground and a melee ensued.

19.     During this melee, Defendant HENYARD ran from her chair across the room and physically attacked Plaintiff first by swinging wildly and hitting him with her microphone, then

---

[1] *Green-light*: "to give permission for something to happen."
https://dictionary.cambridge.org/us/dictionary/english/green-light

3

physically attacked BROWN by hitting BROWN in his back and head with her microphone while he was down on the ground.

20.     After being hit by HENYARD, Plaintiff backed away from the brawl on the outskirts of the scrum.

21.     However, Plaintiff then tried to reenter the scrum to find BROWN and make sure he was okay.

22.     However, as Plaintiff was attempting to reenter the scrum, Defendant CRIGGLEY jumped onto a table and violently kicked Plaintiff several times.

23.     After being kicked by CRIGGLEY, Plaintiff punched CRIGGLEY in the leg which caused CRIGGLEY to stop kicking Plaintiff.

24.     A security officer was in close proximity and had the opportunity to prevent or de-escalate the altercation but failed to do so.

25.     Instead, the security officer picked up and carried BROWN to a separate room.

26.     After being kicked by CRIGGLEY, Plaintiff began to exit the Township Hall to go outside but was also looking for BROWN to make sure he was okay.

27.     When Plaintiff was exiting the Township Hall, he was surging with adrenaline and began to yell at CRIGGLEY and WOODS about the attacks, telling them "they were out here bullying women" and expressing his displeasure with their actions while using lively language.

28.     Before exiting the Township Hall, Plaintiff realized he was missing his cell phone and began to reenter the Township Hall again

29.     Plaintiff began to look for his cell phone but friends and individuals in the main basement hall where the meeting took place told Plaintiff to leave and that they would look for the phone so that Plaintiff could leave the hostile environment.

30.     Due to the highly publicized meetings involving HENYARD, the majority of the melee was captured on several videos cameras—both by residents filming with their cell phones and by the news media with professional cameras.

31.     At least one of the videos revealed that one of the assailants in the melee had a knife.  Upon information and belief, this assailant was an associate of WOODS.

32.     Further, videos of the melee reveal CRIGGLEY handing a bag to his female companion which upon information and belief contained a handgun.

33.     Further, videos of the melee reveal CRIGGLEY handing Plaintiff's cell phone to THORNTON TOWNSHIP employee WILLIAM MOORE.

34.     Defendants SOUTH HOLLAND POLICE DEPARTMENT and THORNTON TOWNSHIP, through their officers and security personnel, failed to intervene despite knowing that past Township meetings had been contentious and at times violent.

35.     The next day, on January 29, 2025, Plaintiff went to the Emergency Room for the injuries to his face, head, hands, and neck.

### COUNT I
### FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983
### FREEDOM OF ASSOCIATION

NOW COMES the Plaintiffs, LAVELL REDMOND, by and through his attorneys, for his Complaint against the Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, THORNTON TOWNSHIP, for a violation of 42 U.S.C. § 1983 ("§ 1983"), a violation of Plaintiff's First Amendment (as incorporated through the Fourteenth Amendment) Rights of Freedom of Association, and in support thereof states and alleges as follows:

1–35.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

36.     Defendants unduly intruded into Plaintiff's personal relationship by retaliating against him for associating with JEDIDIAH BROWN.

37.     The retaliatory acts include physically attacking Plaintiff just because he exercised his constitutional right of freedom of association with BROWN.

38.     Plaintiff's association with BROWN was protected and his association with BROWN was a substantial or motivating factor in the retaliatory action.

39.     Plaintiff's attempt to intervene/break up the confrontation with WOODS, CRIGGLEY, and BROWN and defend BROWN was a show of verbal and nonverbal support of BROWN.

40.     Plaintiff had no purely personal interest in the matter; in fact, it was likely against his interest to try and intervene/break up the confrontation with WOODS, CRIGGLEY, and BROWN. However, BROWN was protesting the illegitimate policies of HENYARD.  Protesting conditions in a public agency do not solely promote a plaintiff's own interests but instead addresses a matter of public concern and enjoys First Amendment protection.

41.     HENYARD has a widespread policy of retaliating against anyone for their speech and/or associations if they are opposed to HENYARD.  In fact, although it is not authorized by written law or express Township policy, it was so permanent and well settled as to constitute a custom or usage with the force of law.

42.     Plaintiff's constitutional injury (being physically attacked for his association with BROWN) was caused by two persons with policy and decision–making authority—HENYARD as Supervisor of THORNTON TOWNSHIP and WOODS, as a high level THORTON TOWNSHIP employee.

43.     Defendants' actions were taken in response to and in punishment of Plaintiff's verbal and nonverbal support of and association with BROWN.

44.     Defendants should have known or could have known that their action was in violation of Plaintiff's constitutional rights.

41.     Defendants HENYARD, WOODS, and CRIGGLEY, acting in concert, sought to suppress this speech through intimidation and physical force.

42.     Defendants' actions violated Plaintiff's rights under the First Amendment to the U.S. Constitution.

43.     SOUTH HOLLAND POLICE DEPARTMENT and THORNTON TOWNSHIP acted under color of law when they failed to intervene, despite knowing that past meetings had been contentious. Their inaction contributed to the violation of Plaintiff's First Amendment rights.

44.     Defendants physically intimidated, assaulted, and allowed violence against Plaintiff in retaliation for political speech critical of a government official. This constitutes a clear violation of the First Amendment under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff LAVELL REDMOND prays for judgment against all Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F. Any such other further relief as the Court deems just and proper.

**COUNT II**
**VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)**
**AGAINST SOUTH HOLLAND POLICE DEPARTMENT AND THORNTON TOWNSHIP**

NOW COMES the Plaintiff, LAVELL REDMOND, by and through his attorneys, for his Complaint against the Defendants, SOUTH HOLLAND POLICE DEPARTMENT and THORNTON TOWNSHIP, for a violation of 42 U.S.C. § 1983 ("§ 1983"), a violation of the Plaintiffs' Fourteenth Amendment Due Process Rights, and in support thereof states and alleges as follows:

1–44.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

45.   The SOUTH HOLLAND POLICE DEPARTMENT and THORNTON TOWNSHIP had a duty to maintain order and prevent foreseeable harm at the public meeting.

46.   They were aware that past meetings had been contentious and sometimes violent.

47.   A security officer was nearby and had the ability to intervene but failed to do so.

48.   Under the Fourteenth Amendment, individuals have the right to personal security and bodily integrity.

49.   By failing to intervene, the government actors (police and Township security) effectively allowed the attack on Plaintiff to occur.

50.   This amounts to an unjustified deprivation of his right to bodily integrity under the substantive due process clause.

51.   This failure to act despite a known and immediate risk to safety constitutes a state–created danger, violating substantive due process.

52.   HENYARD, as an elected official in the middle of the Township meeting, actively participated in the altercation.

53.   Her position of authority and government role mean that her physical attack was state action, not just a private act.

54.   Government officials cannot engage in physical violence against citizens in retaliation for speech—this reinforces the due process violation.

55.   Defendants, SOUTH HOLLAND POLICE DEPARTMENT and THORNTON TOWNSHIP, acting under color of law, deprived Plaintiff of his rights to bodily integrity & personal security.

56.   The failure of Defendants SOUTH HOLLAND POLICE DEPARTMENT and THORNTON TOWNSHIP to prevent the altercation or provide adequate security violated Plaintiff's due process rights under the Fourteenth Amendment.

57.     Because the government actors failed to act when they had a duty to intervene (state-created danger) and an elected official (HENYARD) personally engaged in violence (as well as Thornton Township employee WOODS and Village of Dolton employee CRIGGLEY), these actions deprived the plaintiffs of their liberty and bodily integrity without due process of law.

WHEREFORE, Plaintiff LAVELL REDMOND prays for judgment against all Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F. Any such other further relief as the Court deems just and proper.

### COUNT III
### ASSAULT
### AGAINST KAMAL WOODS AND DEMARCUS CRIGGLEY

NOW COMES the Plaintiff, LAVELL REDMOND, for his claims for Assault against the Defendants, KAMAL WOODS and DEMARCUS CRIGGLEY, and in support thereof state as follows:

1-57.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

58.     WOODS and CRIGGLEY intentionally made verbal threats that they would touch Plaintiff in a physical manner as described above.

59.     WOODS and CRIGGLEY had an apparent ability to cause harm to Plaintiff.

60.     The threats made by WOODS and CRIGGLEY caused Plaintiff to be reasonably apprehensive that he would be subjected to imminent offensive and harmful physical contact and bodily harm.

61.     Plaintiff was damaged by WOODS' and CRIGGLEY's conduct, in that he suffered emotional distress and the loss of enjoyment of the ordinary pleasures of life, which damage continues.

WHEREFORE, Plaintiff LAVELL REDMOND prays for judgment against all Defendants as follows:

    A. Compensatory damages in an amount to be determined at trial;
    B. Punitive damages against all Defendants for their malicious and willful conduct;
    C. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
    D. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
    E. Any such other further relief as the Court deems just and proper.

**COUNT IV**
**BATTERY**
**AGAINST TIFFANY HENYARD, KAMAL WOODS, AND DEMARCUS CRIGGLEY**

NOW COMES the Plaintiff, LAVELL REDMOND, for his claim for Battery against the Defendants, TIFFANY HENYARD, KAMAL WOODS, and DEMARCUS CRIGGLEY, and in support thereof state as follows:

1–61. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

62. WOODS battered Plaintiff by pushing, grabbing, and punching him without justification. WOODS' actions were an intentional touching, or the application of force, to the body of Plaintiff.

63. HENYARD battered Plaintiff by hitting him in the head with a microphone without justification. HENYARDS' actions were an intentional touching, or the application of force, to the body of Plaintiff.

64. CRIGGLEY battered Plaintiff by kicking him in the face multiple times without justification. CRIGGLEY's actions were an intentional touching, or the application of force, to the body of Plaintiff.

65. The actions by Defendants were of a harmful and offensive manner and intent.

66. Plaintiff never consented to Defendants' touchings.

67. Defendants' actions were intentional, offensive, and without legal justification.

WHEREFORE, Plaintiff LAVELL REDMOND prays for judgment against all Defendants as follows:

A. Compensatory damages, including medical and dental expenses, medical bills and treatment costs, and emotional distress / pain and suffering, in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
D. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
E. Any such other further relief as the Court deems just and proper.

**COUNT V**
**NEGLIGENCE**
**AGAINST ALLPOINTS SECURITY AND DETECTIVE, INC., SOUTH HOLLAND POLICE DEPARTMENT, AND THORNTON TOWNSHIP**

NOW COMES the Plaintiff, LAVELL REDMOND, for his claims for Negligence against the Defendants, AGAINST ALLPOINTS SECURITY AND DETECTIVE, INC., SOUTH HOLLAND POLICE DEPARTMENT, and THORNTON TOWNSHIP, and in support thereof state as follows:

1–67.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

68.   Defendants AGAINST ALLPOINTS SECURITY AND DETECTIVE, INC., SOUTH HOLLAND POLICE DEPARTMENT, and THORNTON TOWNSHIP owed a duty of care to Plaintiff to maintain order and prevent foreseeable violence at a public meeting.

69.   Defendants breached their duty by failing to intervene despite knowing the contentious nature of past meetings.

70.   Defendants' inactions caused the Plaintiff's harm.

71.   As a direct and proximate result, Plaintiff suffered physical injuries.

72.   AGAINST ALLPOINTS SECURITY AND DETECTIVE, INC., SOUTH HOLLAND POLICE DEPARTMENT, and THORNTON TOWNSHIP were responsible for maintaining order and security at the public meeting.

73.   Given the history of contentious meetings, Defendants had a foreseeable duty to prevent violence.

74.    During the January 28, 2025 Township Meeting, a South Holland police officer or security guard was nearby and had the ability to stop the altercation before it escalated.

75.    Security personnel and law enforcement failed to intervene in the moment despite clear warning signs (e.g., previous requests for police presence and WOODS and CRIGGLEY approaching Plaintiff menacingly after his public comment during the meeting).

76.    When the physical altercation broke out, Defendants did not immediately step in to stop the violence.

77.    THORNTON TOWNSHIP and its leadership failed to implement proper security measures, despite past incidents of hostility at meetings.

78.    Because law enforcement and security failed to act, the situation escalated, leading to physical violence against Plaintiff.

79.    Had security or police intervened in time, the physical attacks could have been prevented.

80.    Plaintiff was physically attacked by WOODS, HENYARD, and CRIGGLEY.

81.    Plaintiff was placed in immediate danger due to WOODS and CRIGGLEY's aggressions.

82.    Plaintiff experienced emotional distress and physical harm as a result of the Defendants' failure to act.

83.    Because South Holland Police Department and Thornton Township failed to take reasonable steps to prevent foreseeable violence, they breached their duty of care. This breach directly led to Plaintiffs' harm, making them liable for negligence.

WHEREFORE, Plaintiff LAVELL REDMOND prays for judgment against all Defendants as follows:

A.    Compensatory damages in an amount to be determined at trial;
B.    Punitive damages against all Defendants for their malicious and willful conduct;

C. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;

D. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

E. Any such other further relief as the Court deems just and proper.

### COUNT VI
### COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

NOW COMES the Plaintiff, LAVELL REDMOND, by and through his attorneys, for his Complaint against the Defendants, Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, THORNTON TOWNSHIP, for intentional infliction of emotional distress, and in support thereof states and alleges as follows:

1–83.  Plaintiff incorporates all preceding paragraphs as if fully restated herein.

84.  Defendants' conduct described above—physically attacking Plaintiff in retaliation for engaging in free speech in a public forum—was truly extreme and outrageous and goes beyond all possible bounds of decency.

85.  Defendants either intended that their conduct would inflict severe emotional distress or knew that there was at least a high probability that their conduct would cause severe emotional distress when they retaliated against Plaintiff.

86.  Plaintiff suffered severe or extreme emotional distress after Defendants' actions.

87.  Defendants' conduct actually and proximately caused Plaintiff's emotional distress.

88.  A defendant in a tort case "must take his plaintiff as he finds him, even if he is more susceptible to injury than the average person." *Zurba v. United States*, 247 F. Supp. 2d 951, 962 (N.D. Ill. 2001); *Reed v. Union Pacific Railroad Co.*, 185 F.3d 712, 717 (7th Cir. 1999); *Colonial Inn Motor Lodge, Inc. v. Gay,* 288 Ill. App. 3d 32, 45, 680 N.E.2d 407, 416 (1997).

WHEREFORE, the Plaintiff, LAVELL REDMOND, requests that judgment be entered against Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, THORNTON TOWNSHIP, SERGEANT STORM, and JOHN DOE and that this Court award her the following relief:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
D. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
E. Any such other further relief as the Court deems just and proper.

### COUNT VII
### CONSPIRACY UNDER 42 U.S.C. § 1983
### AGAINST HENYARD AND WOODS

NOW COMES the Plaintiff, LAVELL REDMOND, by and through his attorneys, for his Complaint against the Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee, for Civil Conspiracy under 42 U.S.C. § 1983, and in support thereof states and alleges as follows:

1–88.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

89.    Plaintiff was deprived of his constitutional rights when he was physically attacked in retaliation for associating with BROWN who was engaging in free speech in a public forum criticizing the actions of HENYARD as Township Supervisor.

90.    Furthermore, during the Township meeting on January 28, 2025, the topic of whether HENYARD's boyfriend, WOODS, would be terminated from his employment with THORNTON TOWNSHIP was discussed according to the agenda and voted on. During the regular

meeting, the Township Trustees voted to terminate WOODS' employment. However, if the regular meeting could not be adjourned properly, then the vote would not formally go through.

91.     Upon information and belief, WOODS and HENYARD made an agreement to deprive Plaintiff of his constitutional rights of freedom of speech by physically attacking him during the meeting, which would cause the suspension of the regular meeting, and in so doing, suspend WOODS' termination from THORNTON TOWNSHIP.

92.     There was an actual deprivation of Plaintiff's rights arising from overt acts in furtherance of Defendants' agreement in that he suffered physical harm and injuries as a result of the Defendants' attacks on Plaintiff.

WHEREFORE, the Plaintiff, LAVELL REDMOND, requests that judgment be entered against Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee, and that this Court award him the following relief:

> A.  Compensatory damages in an amount to be determined at trial;
> B.  Punitive damages against all Defendants for their malicious and willful conduct;
> C.  Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
> D.  Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
> E.  Any such other further relief as the Court deems just and proper.

## COUNT VIII
## CONVERSION
### AGAINST DEMARCUS CRIGGLEY AND WILLIAM MOORE

NOW COMES the Plaintiff, LAVELL REDMOND, by and through his attorneys, for his Complaint against the Defendants, DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; WILLIAM MOORE, individually and in his official capacity as Thornton Township employee, for Conversion, and in support thereof states and alleges as follows:

1–92.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

93.     CRIGGLEY and MOORE obtained unauthorized and wrongful control, dominion, or ownership over plaintiff's personal property—his cell phone—after the melee.

94.     Plaintiff had a right in the property because it was his personal cell phone.

95.     Plaintiff had an absolute and unconditional right to the immediate possession of the cell phone.

96.     Plaintiff has demanded the return of his property from CRIGGLEY and MOORE, indirectly, by filing a claim with the South Holland Police Department (Report No.: S25–01812) for the return of his stolen property, as well as speaking to a mutual friend of CRIGGLEY's about getting the phone back.

WHEREFORE, the Plaintiff, LAVELL REDMOND, requests that judgment be entered against Defendants, DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; WILLIAM MOORE, individually and in his official capacity as Thornton Township employee, and that this Court award him the following relief:

A.  Compensatory damages in an amount to be determined at trial including the value of the phone converted and the cost associated with buying a new cell phone to replace the converted one;
B.  Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
C.  Any such other further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
LAVELL REDMOND

By:    /s/ Matthew R. Custardo
One of his attorneys

CUSTARDO LAW, LLC
Matthew R. Custardo (ARDC #: 06329579)
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel: 630–557–1451
matthew@custardolaw.com

## **VERIFICATION**

I, LAVELL REDMOND, am the Plaintiff in this action. I have read the foregoing Verified

Complaint and am familiar with its contents. I declare under penalty of perjury under the laws

of the United States that all the factual statements contained in the foregoing are true and

accurate to the best of my belief and is based upon personal knowledge, except where expressly

indicated otherwise.

_____
LAVELL REDMOND

Matthew R. Custardo (ARDC #: 06329579)
CUSTARDO LAW, LLC
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel: 630-557-1451
matthew@custardolaw.com